[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14436
Non-Argument Calendar

_____

D.C. Docket No. 4:08-cr-00038-RH-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAMAR RATLIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 20, 2021)

Before JILL PRYOR, BRANCH and LUCK, Circuit Judges.

PER CURIAM:

Kevin Lamar Ratliff, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  After careful consideration, we affirm.

<h2 style="text-align:center">I.</h2>

In 2008, a jury found Ratliff guilty of conspiring to distribute or possess with intent to distribute powder cocaine or crack cocaine and possessing with intent to distribute powder cocaine or crack cocaine.  The jury found that each offense involved five grams or more of crack cocaine.  Based on this drug-quantity determination, Ratliff, who had prior felony drug convictions, faced a statutory penalty range of 10 years to life on each count.  *See* 21 U.S.C. § 841(b)(1)(B) (2008).  At sentencing, the district court found that Ratliff qualified as a career offender.  *See* U.S.S.G. § 4B1.1.  Consistent with the career-offender guideline, the court looked to the statutory maximum penalty for each offense to set Ratliff's offense level and calculated Ratliff's guidelines range as 360 months' to life imprisonment.  *See id.*  Ultimately, the court imposed a sentence of 360 months' imprisonment for each offense with the sentences to run concurrently.

After Ratliff was sentenced, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine

and those involving powder cocaine.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity).  The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams.  *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii).  Until recently, the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date.  *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Later, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), to give district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective."  *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020).  Section 404 of the First Step Act authorizes a district court "that imposed a sentence for a covered offense" to reduce a defendant's sentence.  First Step Act § 404(b).  A "covered offense" refers to a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."  *Id.* § 404(a).  The First Step Act permits a district court to "impose a reduced sentence as if" the

3

Fair Sentencing Act had been "in effect at the time the covered offense was committed." *Id.* § 404(b).

After the First Step Act went into effect, the district court determined that Ratliff was eligible for a reduction under § 404. The court concluded that Ratliff had covered offenses because each offense involved five grams or more of crack cocaine. If Ratliff had been sentenced under the Fair Sentencing Act, he would have faced a lower penalty range because the maximum statutory penalty for each offense would have been 30 years' imprisonment, not life. *See* 21 U.S.C. § 841(b)(1)(C).

The court then considered whether to exercise its discretion to reduce Ratliff's sentences. The court looked at what Ratliff's guidelines range would have been if the Fair Sentencing Act had been in effect at the time of his sentencing. Given Ratliff's career-offender status, the district court determined that his guidelines range would have been 262 to 327 months' imprisonment. The court then exercised its discretion and reduced Ratliff's sentences to 262 months' imprisonment for each count with the sentences to run concurrently.

In 2020, Ratliff filed motions seeking a further reduction in his sentences pursuant to 18 U.S.C. § 3582(c)(1)(A). In relevant part, he argued that extraordinary and compelling circumstances warranted a reduction because the

4

district court had erroneously continued to treat him as a career offender when it awarded him a reduction under § 404 of the First Step Act.

The district court denied Ratliff's motions. The court explained that whether Ratliff was eligible for a reduction under § 3582(c)(1)(A) turned on whether extraordinary and compelling reasons warranted his release. Because extraordinary and compelling circumstances were not present, the court found that Ratliff was not eligible for relief. But even if Ratliff were eligible for a sentence reduction, the court said, it would not grant him one. This is Ratliff's appeal.

## II.

We review *de novo* a district court's determination about whether a defendant is eligible for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

A district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015); *see* 18 U.S.C. § 3582(c). Section 3582(c) permits a district court to reduce a defendant's sentence in certain circumstances. In this case, Ratliff sought a sentence reduction based on § 3582(c)(1)(A)(i). For a defendant to be eligible for a sentence reduction under

5

this provision, a district court must find, among other things, that "extraordinary and compelling reasons" warrant the reduction.  18 U.S.C. § 3582(c)(1)(A)(i); *see Bryant*, 996 F.3d at 1254.

In *Bryant*, we held that "extraordinary and compelling reasons" are limited to those reasons listed in the Sentencing Commission's policy statement found in United States Sentencing Guideline § 1B1.13.  *Bryant*, 996 F.3d at 1262.  Section 1B1.13 lists four extraordinary and compelling reasons: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons.  U.S.S.G. § 1B1.13 cmt. n.1.  We held that "other reasons" are limited to those determined by the Bureau of Prisons, not by courts.  *See Bryant*, 996 F.3d at 1263.

Ratliff argues that extraordinary and compelling reasons are present in his case.  But he does not argue that one of the extraordinary and compelling reasons listed in section 1B1.13 or that one of the "other reasons" determined by the Bureau of Prisons applies in this case.[1]  *Id.*  We therefore cannot say the district

---

[1] In the district court, Ratliff argued that extraordinary and compelling circumstances existed because of the risks created by the COVID-19 pandemic and his hypertension.  But on appeal Ratliff raises no argument based on his health condition and thus has abandoned this argument.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

Even if Ratliff has preserved an argument about his health, we cannot say that it constituted an extraordinary and compelling circumstance.  Under § 1B1.13, a defendant's medical condition constitutes an extraordinary and compelling circumstance only when the defendant (1) has a terminal illness or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover.  U.S.S.G. § 1B1.13 cmt. n.1(A).

6

court erred in concluding that Ratliff was ineligible for a sentence reduction under § 3582(c)(1)(A).

**AFFIRMED.**